# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

**ROBERT COTNER,** )
 )
        Plaintiff, )
 )
v. )    **Case No. CIV 08-319-FHS**
 )
**RONALD L. RODGERS,** )
**U. S. JUSTICE DEPARTMENT, et al.,** )
 )
        Defendants. )

## OPINION AND ORDER

This matter is before the court on plaintiff's emergency petition for a writ of mandamus [Docket #1]. Plaintiff, an inmate currently incarcerated at Mack Alford Correctional Center in Stringtown, Oklahoma, alleges that from 1967 to 1979, he worked as an undercover investigator for various Oklahoma officials, the F.B.I., and the C.I.A. He further claims that to keep him from testifying in various sensitive matters, he was hidden in a federal prison until it was determined it was safe for him to be released. He continues:

> So in 1974 Cotner was sentenced FOR PROTECTING the Bush Family interest, and to protect NATIONAL SECURITY, while he was working stateside UNDERCOVER for the C.I.A. and F.B.I., and as a result, in 2007 U.S. Vice President Cheney sent Cotner a letter that the PRESENT [P]resident Bush, wanted him to apply for a pardon BEFORE he left office, BUT Ronald L. Rodgers, pardon [attorney] at the U.S. Justice Dept. IS A POLITICAL ENEMY of the Bush family and refuses to process it: IN ADDITION, former Okla. Dept. of Corrections (and two present) Employes [sic] that were overhurd [sic] stating the president should be killed, have taken action or had other take action TO CONFISCATE all [of] Cotner's funds TO PREVENT his gaining access to any state or federal Court, and/or to cause his pleadings to be deficiant [sic] and denied WITHOUT DUE PROCESS OF A HEARING.

[Docket #1].

Plaintiff maintains he has "kept his mouth shut AS ORDERED by the government from 1974 until now AND IS entitled to have his pardon application processed" [Docket #1]. He claims he has been advised to apply for a pardon before President Bush leaves office, but President Bush's unknown political enemy refuses to allow plaintiff access to the United States District Court for the District of Columbia. He is asking this court to grant a writ of mandamus compelling U.S. Pardon Attorney Ronald L. Rodgers to process his pardon application and to present the application to the President.

"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if . . . the defendant owes him a clear nondiscretionary duty." *Marquez-Ramos v. Reno*, 69 F.3d 477, 478-79 (10th Cir. 1995) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)). "The importance of the term 'nondiscretionary' cannot be overstated--the judiciary cannot infringe on decision-making left to the Executive branch's prerogative." *Id.* at 479. "Thus, the question whether a particular act [challenged through mandamus] is discretionary . . . rises to the jurisdictional level." *Id.* (citing *Carpet, Linoleum & Resilient Tile Layers, Local Union No. 419 v. Brown*, 656 F.2d 564, 567 (10th Cir. 1981)).

> The Office of the Pardon Attorney, in consultation with the Attorney General or his designee, assists the President in the exercise of executive clemency as authorized under Article II, Section 2, of the Constitution. Under the Constitution, the President's clemency power extends only to federal criminal offenses. All requests for executive clemency for federal offenses are directed to the Pardon Attorney for investigation and review. The Pardon Attorney prepares the Department's recommendation to the President for final disposition of each application. Executive clemency may take several forms, including pardon, commutation of sentence, remission of fine or restitution,

and reprieve.

*See* United States Dep't of Justice website *at* http://www.usdoj.gov/pardon.

It is clear from the description of the Pardon Attorney's responsibilities that his duties are discretionary, and he does not owe plaintiff "a clear nondiscretionary duty." *Marquez-Ramos*, 69 F.3d 477 at 478-79. Therefore, this court lacks jurisdiction to compel the defendants to recommend plaintiff for a presidential pardon.

Although plaintiff has paid the filing fee in this action and is not proceeding *in forma pauperis*, the court is empowered to dismiss this action pursuant to 28 U.S.C. § 1915A:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identity cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . .

28 U.S.C. § 1915A. *See also Plunk v. Givens*, 234 F.3d 1128, 1129 (10th Cir. 2000) ("§ 1915A applies to all prison litigants, without regard to their fee status, who bring civil suits against a governmental entity, officer, or employee."). Here, the court finds plaintiff's action is legally frivolous, because the defendants cannot be compelled to perform a duty owed to plaintiff.

**ACCORDINGLY,** this action is, in all respects, DISMISSED AS FRIVOLOUS, pursuant to 28 U.S.C. § 1915A(b)(1).

**DATED** this 23rd day of October, 2008.

Frank H. Seay
United States District Judge